UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEVIN LAMAR BLAKE,

        Plaintiff,

v.                                                                  Case No. 3:23-cv-660-MMH-JBT

SGT. C.A. TYRE, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Kevin Lamar Blake, an inmate of the Florida penal system who is proceeding as a pauper, initiated this case by filing a pro se Civil Rights Complaint (Doc. 1; Complaint). In the Complaint, Blake names the following Defendants: (1) Sergeant C.A. Tyre; (2) Captain J. Beighley; (3) Captain B. Woods; (4) Lieutenant J. Aikin; (5) Warden Donald G. Davis; (6) Grievance Coordinator A. McGregor; (7) Region Two Director Palmer; (8) Assistant Warden W. Bennett; and (9) Assistant Warden J. McClellan. See id. at 2-3, 12. Blake raises claims under the First, Eighth, and Fourteenth Amendments. See id. at 3. He seeks declaratory, injunctive, and monetary relief. Id. at 5.

Blake alleges that on January 5, 2022, his dinner bag was missing fruit, and when Blake tried to advise Defendant Tyre that his fruit was missing, Tyre

"ignored him." Id. at 5. Blake also tried to advise Officer Howard that his "bag was missing fruit by reaching out of the" food flap, but Officer Howard "made threats about closing [Blake's] arm" in the flap "and applied pressure." Id. Later, Tyre returned to Blake's cell and said, "'So you want to buck my flap. I got something for you tomorrow.'" Id. Blake attempted to speak with Tyre, but Tyre ignored him and "continued to make threats that he wouldn't feed [Blake]." Id. at 5, 12.

On January 6, 2022, Tyre removed chili beans from Blake's lunch bag. Id. at 12-13. When Blake "said something about it[,] Sgt. Tyre stated, 'I really don't give a f*ck. You'[re] lucky you'[re] eating.'" Id. at 13. Blake proceeded to file more grievances and have his family file complaints. Id.

About two months later, on March 3, 2022, "Tyre refused to feed [Blake] stating, 'Since you want to play games I'm going to play games too.'" Id. When Tyre returned to Blake's cell with the food tray, he told Blake to face the back wall and he would "toss" Blake's food bag into his cell. Id. Blake "refused to be degraded and singled out." Id. When Tyre returned "to collect trays and trash," he "repeated this tactic" and Blake again "refused to be degraded and singled out." Id. Tyre later returned and threatened that he would not feed Blake anymore. Id.

On March 7, 2022, when Tyre returned, "he refused to feed [Blake] his R.D.P. . . . lunch bag singling him out using the same degrading tactic." Id. Tyre called Defendants Woods and Aikin, "coercing and conspiring with them to have [Blake] sprayed with chemical agents saying that [Blake] was causing a disturbance." Id. A handheld camera operator began filming Blake and "once he was taken off [camera,] he was told that if he spoke out of his cell again for the rest of the day he would be sprayed." Id. According to Blake, "[t]his made it possible for Sgt. Tyre to refuse to feed [Blake] dinner, which he did, . . . using the same degrading tactic." Id. Blake tried to talk to Woods and Aikin about Tyre refusing to feed him, but Woods and Aikin both "deliberately disregarded" him. Id. at 13-14.

On March 8, 2022, fruit was again missing from Blake's lunch bag, and Tyre refused to replace it. Id. at 14. When Blake received his dinner bag, the fish was missing, and Tyre again refused to replace it. Id. Later, Blake confronted Tyre about his "unethical acts," but Tyre was "deliberately indifferent" to him stating, "'I'm going to do what I feel I need to do.'" Id.

Blake filed several more grievances regarding these incidents and again directed his family to file complaints. Id. In response to Blake's mother's complaints, Defendant Beighley spoke to Blake, but Beighley "began making excuses for her officers['] unconstitutional actions or insinuating that their

actions were justified because [Blake] had maybe done something wrong." Id. at 14-15.

Blake alleges that since he arrived at Florida State Prison, "he had numerous issues with his R.D.P. bags in receiving the correct portions, having certain food items missing, and not having food provided in accordance with the Master Menu." Id. at 15. Blake asserts that he "lost several pounds due to this situation and because Sgt. Tyre's continued tampering with his food or refusing to feed him." Id.

Blake continued to file grievances seeking protection or a transfer. Id. He states that most of his grievances were submitted to Defendant McGregor, but "[t]he only reason [he] was able to bring these incidents to the attention of administrati[ve] staff is because [his] mother continuously contacted the institution and filed complaints." Id. Blake's family also contacted Defendants Palmer, Davis, Bennett, and McClellan, but none of them "intervened to stop" Tyre "from mistreating [Blake]," nor did they transfer him or provide him with protection. Id.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §

4

1915(e)(2)(B). As to whether a complaint "fails to state a claim on which relief may be granted," the language of the Prison Litigation Reform Act mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[1] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal

6

quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Blake's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[2] (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular

F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Pursuant to this Court's screening obligation, the Court finds this case is due to be dismissed for Blake's failure to state a claim. Initially, the Court notes that many of Blake's assertions are conclusory. For example, he merely concludes that Defendant Tyre conspired with Defendants Woods and Aikin to have Blake sprayed with chemical agents.[3] Blake's factual allegations do not support such a claim. Indeed, "[t]o state a claim for conspiracy under § 1983, a plaintiff must allege that (1) the defendants reached an understanding or agreement that they would deny the plaintiff one of his constitutional rights; and (2) the conspiracy resulted in an actual denial of one of his constitutional rights." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1327 (11th Cir. 2015); see also Ghee v. Comcast Cable Commc'ns, LLC, No. 22-12867, 2023 WL 3813503, at *2 (11th Cir. June 5, 2023) ("A prima facie section 1983 conspiracy case requires (1) a violation of a constitutional right, (2) an agreement to deprive the plaintiff of a constitutional right, and (3) 'an actionable wrong to support the conspiracy.'" (quoting Grider v. City of Auburn,

---

point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[3] Blake does not even allege that he was sprayed with chemical agents.

618 F.3d 1240, 1260 (11th Cir. 2010))). Blake's allegations are insufficient to state a conspiracy claim.

As another example, Blake apparently tries to raise an equal protection claim by alleging that Tyre singled him out. However, "'[t]o establish an equal protection claim, a [plaintiff] must demonstrate that (1) he is similarly situated with other [persons] who received more favorable treatment,' Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (quotation omitted), and (2) the defendant 'engaged in invidious discrimination against him based on race, . . . national origin, . . . or some other constitutionally protected interest,' Damiano v. Fla. Parole & Prob. Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986)." Mohit v. West, No. 21-12483, 2023 WL 239992, at *4 (11th Cir. Jan. 18, 2023). Blake does not allege discriminatory treatment based on any constitutionally protected interest. His status as a prisoner alone does not equal a suspect classification warranting a heightened constitutional protection. See Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003). Thus, he fails to state an equal protection claim.

Blake's assertions against Tyre for missing food items or meals are also insufficient to state a constitutional violation. Missing sporadic food items or meals over a limited period of time does not violate Blake's constitutional rights. See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 865-66 (11th

9

Cir. 2008) (concluding that the district court did not err by finding the plaintiff "failed to state a claim regarding the routine deprivation of lunch to him five days per week for about five months"). While Blake alleges that he "lost several pounds," he does not attribute all his food issues to Tyre. See Complaint at 15 (recognizing that he has "had numerous issues with his R.D.P. bags" since his arrival at Florida State Prison, and he "lost several pounds due to this situation and because Sgt. Tyre's continued tampering with his food or refusing to feed him"). Moreover, Blake's factual allegations against Tyre reflect that he did not receive fruit with dinner on January 5, 2022, or chili beans for lunch on January 6, 2022; he did not eat on March 3, 2022; he did not receive lunch or dinner on March 7, 2022; and he was missing fruit on March 8, 2022. Considering his allegations overall, the Court finds that Blake has not alleged that Tyre's actions posed an unreasonable risk of serious damage to Blake's future health or safety. See Swain v. Junior, 958 F.3d 1081, 1088 (11th Cir. 2020) (recognizing that to state an Eighth Amendment claim, a prisoner "must show that the challenged conditions were extreme and presented an unreasonable risk of serious damage to his future health or safety" (internal quotations and citation omitted)). Thus, Blake's claim against Tyre relating to his missing food is due to be dismissed.

To the extent Blake attempts to hold Beighley, Woods, Aikin, Davis, Palmer, Bennett, and McClellan liable for Tyre's actions, "[s]upervisory officials are not vicariously liable under section 1983 for the unconstitutional acts of their subordinates." Ingram v. Kubik, 30 F.4th 1241, 1254 (11th Cir. 2022); see Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Indeed, "[s]upervisory officials cannot be held vicariously liable under section 1983 for the actions of their subordinates unless the supervisor 'personally participates in the alleged unconstitutional conduct' or 'there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation.'" Smith v. Deal, 760 F. App'x 972, 975 (11th Cir. 2019) (quoting Cottone, 326 F.3d at 1360).

> There are three ways to establish a causal connection between a supervisor's actions and the unlawful conduct: 1) "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so"; 2) "when a supervisor's custom or policy results in deliberate indifference to constitutional rights"; or 3) "when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone, 326 F.3d at 1360 (citations and quotations omitted). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Hartley v. Parnell, 193 F.3d

> 1263, 1269 (11th Cir. 1999) (quotations omitted). This "standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." Keith v. DeKalb Cnty., Ga., 749 F.3d 1034, 1048 (11th Cir. 2014).

Dickinson v. Cochran, 833 F. App'x 268, 272 (11th Cir. 2020). These Defendants cannot be held liable for Tyre's alleged actions because such actions did not amount to a constitutional violation. Even assuming Blake stated a claim against Tyre, he has not alleged facts suggesting a sufficient causal connection between the supervisory Defendants' actions and any alleged constitutional violations.

Similarly, Beighley, Woods, Aikin, Davis, Palmer, Bennett, and McClellan cannot be held liable for failing to intervene because there was no unconstitutional action in which to intervene. See Sebastian v. Ortiz, 918 F.3d 1301, 1312 (11th Cir. 2019) ("Plainly, an officer cannot be liable for failing to stop or intervene when there was no constitutional violation being committed."). Likewise, violation of prison policy, alone, is insufficient to state a claim. See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (recognizing that prison regulations are "not designed to confer rights on inmates"); see also Taylor v. Adams, 221 F.3d 1254, 1259 (11th Cir. 2000) ("[F]ailure to follow

procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence.").

Insofar as Blake complains about Beighley's, Davis's, Palmer's, Bennett's, and McClellan's responses or lack thereof to his grievances and complaints, not addressing a grievance in the manner a prisoner would like, without more, does not render an individual liable for the underlying constitutional violation. See Jones v. Eckloff, No. 2:12-cv-375-FtM-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (unpublished) ("[F]iling a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." (collecting cases)). There are circumstances in which a defendant's failure to take action in response to an inmate's grievances may result in a constitutional violation. See Goebert v. Lee Cnty., 510 F.3d 1312, 1327-29 (11th Cir. 2007) (finding that a defendant's lack of action in response to an inmate's written complaint amounted to deliberate indifference and the delay attributable to the defendant's deliberate indifference may have caused the inmate's injury).[4] Here, however, the

---

[4] In Goebert, a pregnant pretrial detainee submitted a medical complaint form, wherein she requested to see an obstetrician or a doctor outside of the county jail. 510 F.3d at 1318. The plaintiff indicated in her complaint that she had leaked amniotic fluid for approximately nine days, she had not felt any movements from her baby,

underlying conduct Blake and his family complained of, i.e., Tyre's actions, did not amount to a constitutional violation and thus, Defendants' actions in denying Blake's grievances or not responding how Blake desired likewise did not amount to a violation of Blake's constitutional rights.

Moreover, inmates have "no constitutionally protected liberty interest in access to the prison's grievance procedure." Moore v. McLaughlin, 569 F. App'x 656, 659 (11th Cir. 2014) (citing Bingham, 654 F.3d at 1177; Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003)); see Charriez v. Sec'y, Fla. Dep't of Corr., 596 F. App'x 890, 895 (11th Cir. 2015) (finding the district court did not err in dismissing the plaintiff's claim that the defendants "had violated his constitutional due-process rights by failing to take corrective action during the appeal of the suspension of his visitation privileges[ b]ecause the prison grievance procedure does not create a protected liberty interest"); Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (finding the plaintiff failed to state

---

and she had a history of miscarriages. Id. The defendant, a facility commander, responded that medical could arrange an appointment at her expense, despite the plaintiff noting in her complaint that medical staff had "ignored her daily requests for aid and had already failed to set up an appointment for her with an outside obstetrician." Id. at 1328. In finding that the defendant was not entitled to summary judgment, the Eleventh Circuit noted that the inmate's written complaint contained sufficient information to provide the defendant with subjective knowledge of her serious medical need, and his failure to take action in response to her complaint because he did not believe her amounted to deliberate indifference. Id. at 1327-28.

a claim because he merely "alleged that his prison grievances were either ignored or wrongly decided or that prison officials did not properly follow the prison's own grievance procedures"). Thus, to the extent Blake alleges that Beighley, Davis, Palmer, Bennett, or McClellan denied him due process in the grievance procedure, such allegations fail to state a claim.

Finally, to the extent Blake attempts to raise a claim against any of the Defendants for threatening him, he fails to state a claim. "[V]erbal threats and harassment are generally not actionable under § 1983. A threat constitutes an actionable constitutional violation only when the threat is so brutal or cruel as to shock the conscience or if the threat exerts coercive pressure on the plaintiff and [he] suffers the deprivation of a constitutional right." Pete's Towing Co. v. City of Tampa, Fla., 648 F. Supp. 2d 1276, 1287 (M.D. Fla. 2009) (citation omitted); see Hernandez v. Florida Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (finding that the plaintiff's "allegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim" (citation omitted)). Any claim regarding Defendants' threats is due to be dismissed.

Accordingly, it is

**ORDERED**:

15

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of November, 2023.

MARCIA MORALES HOWARD
United States District Judge

JAX-3 11/8
c:
Kevin Lamar Blake